UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

   v.              1:10-cr-320

ED GEORGE PARENTEAU,
also known as ("a/k/a") "ed-george" and
JEFFREY CHARLES BURFEINDT
a/k/a "jeffrey-charles,"

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

   Defendant Ed George Parenteau ("Defendant") was indicted on two counts of mail fraud in violation of 18 U.S.C. § 1341. It is alleged that Defendant participated in a scheme to obtain monies through, *inter alia*, the filing of false liens. By Order dated June 23, 2010, Magistrate Judge Homer issued an order setting the terms and conditions of pre-trial release. Defendant was ordered remanded until he satisfied the conditions of the June 23 Order.

   Defendant has now filed a "Petition for Great Writ of Habeas Corpus," a "Motion to Dismiss Due to Illegal Grand Jury Proceedings," and "Commercial Notice Appointment of Fiduciary Debtor and Creditor." The Court will address these motions *seriatim*.

**Petition for Great Writ of Habeas Corpus**

   Although the Petition is largely unintelligible and speaks to irrelevant matters, it appears that Defendant is challenging the terms and conditions of his release. Defendant

seems to contend that he is being held without cause and that the amount of the bond is excessive.

The Order Setting Conditions of Release contained various standard terms and conditions and further required Defendant to execute a bond in the amount of, or an agreement to forfeit upon failing to appear,$10,000 secured by cash or U.S. property.  The Eighth Amendment states that "[e]xcessive bail shall not be required."  U.S. Const. amend VIII.

> Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond "unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  If the court determines that a defendant's release on an unsecured bond presents a risk of flight, the concern at issue in this case, the law still favors pre-trial release "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required." Id. § 3142(c)(1)(B).  Only if a detention hearing shows "that no condition or combination of conditions will reasonably assure the appearance of the person as required ... shall [the court] order the detention of the person before trial." Id. § 3142(e).  Under this statutory scheme, "it is only a 'limited group of offenders' who should be denied bail pending trial." United States v. Shakur, 817 F.2d 189, 195 (2d Cir.1987) (quoting S.Rep. No. 98-225, at 7 (1984), as reprinted in 1984 U.S.C.C.A.N. 3182, 3189).

United States v. Sabhani, 493 F.3d 63, 75 (2d Cir. 2007) (footnote omitted).  "Bail set at a figure higher than an amount reasonably calculated to fulfill [the] purpose [of assuring the presence of the accused] . . . is 'excessive' under the Eighth Amendment."  Stack v. Boyle, 342 U.S. 1, 5 (1951).   The standards in determining whether bail is excessive "are to be applied in each case to each defendant."  Id.

In this case, the Magistrate Judge found that a personal recognizance bond would not reasonably assure the appearance of Defendant and, therefore, required, *inter alia*, a secured bond in the amount of $10,000.  Defendant claims that the bail is excessive without

articulating how or why.  Considering the nature of the charges (a scheme to obtain billions of dollars via mail fraud), Defendant's failure to indicate a valid mailing address in court documents, see Dkt. Nos. 9, 10, 11 ("Ed-George for the family Parenteau, Sui Juris c/o general post office, Smyrna, New York republic"), the difficulty in locating Defendant,[1] and Defendant's failure to articulate why the amount set by the Magistrate Judge is excessive, the Court finds no basis to disturb the Order Setting Conditions of Release.  Moreover, the allegations in the Indictment establish probable cause to believe that Defendant committed the alleged acts.  For the foregoing reasons, the "Petition for Great Writ of Habeas Corpus" is DENIED.

**Motion to Dismiss Due to Illegal Grand Jury Proceedings**

Defendant also has moved to dismiss the Indictment on the ground of illegal grand jury proceedings.  Defendant appears to move pursuant to Fed. R. Crim. P. 6(b)(1) and 6(b)(2) on the grounds that he was not properly notified of the "allegations of complaint and intent to present matters to a grand jury for consideration" and, therefore, he was deprived of the Fourth Amendment right to have access to affidavits of complaint, the Sixth Amendment right to interview witnesses against him, the Sixth Amendment right to the assistance of

---

[1] Defendant lists his address as "General Post Office, Symrna, New York."  The Court has been unable to locate any such place in the State of New York or elsewhere.  There is a Smyrna, New York.  Regardless, Defendant does not provide a proper mailing address.  In another case filed in this District (asserting various civil claims against Defendant for conduct identical to that alleged in the Indictment), of which this Court takes judicial notice, the plaintiffs were unable to locate Defendant (prior to his arrest) to serve a complaint despite their best efforts to locate him.  See County of Ulster, et al v. Richard Enrique Ulloa, et al, No. 10-cv-067 at Dkt. No. 27.  Further, in a case filed by Plaintiff in this District, ed-george v. Kathleen Burns, et al, No. 3:10-mc-0023 (N.D.N.Y.), seeking a judgment in the amount of over $1,000,000,000.00, Plaintiff filed documents indicating his address to be "general post-office: Smyrna: new-york: the republic," see Dkt. No. 1, but then later filed a document stating that "someone in this Court is committing mail fruad by sending letters to a fictitious "Address" of "Genera Post Office Smyrna, NY 13464. . . ." Dkt. No. 7.

counsel, and the right to challenge the jury selection process and/or the qualifications of jury candidates.

"A grand jury's indictment is based on probable cause, not on a preponderance of the evidence, and that body makes its judgment after an ex parte proceeding at which the target of its inquiry is normally not permitted to call or cross-examine witnesses." United States v. Miller, 116 F.3d 641, 669 (2d Cir. 1997). "A defendant does not ordinarily have the right to challenge [grand jury] proceedings because of their ex parte nature." United States v. Thomas, 632 F.2d 837 (10th Cir. 1980). The Supreme Court has held that "a District Court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudice the defendants." Bank of Nova Scotia v. United States, 108 S. Ct. 2369, 2373 (1988). "[D]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Id. at 2374 (quoting United States v. Mechanik, 106 S. Ct. 938, 945 (1986)).

Defendant identifies no such violations. Contrary to his contentions, Defendant is not entitled to prior notice of grand jury proceedings and he is not entitled to participate in the grand jury process. United States v. Williams, 504 U.S. 36, 51-52, 112 S. Ct. 1735 (1992). "[I]n this country . . . the suspect under investigation by the grand jury [does not] . . . have a right to testify or to have exculpatory evidence presented." Id. at 52. Further, an unindicted defendant has no right of counsel in connection with grand jury proceedings. United States v. Vasquez, 675 F.2d 16, 17 (2d Cir. 1982) ("the fact that a person is the subject of an investigation is not enough to trigger his Sixth Amendment right to counsel."). "For a Sixth Amendment right to counsel to attach, adversarial proceedings must have commenced

against an individual, 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" Id. (quoting Brewer v. Williams, 430 U.S. 387, 398, 97 S. Ct. 1232, 1239 (1977)); see also McNeil v. Wisconsin, 501 U.S. 171, 111 S. Ct. 2204 (1991). Defendants contentions concerning the right to interview witnesses and to access affidavits of complaint are irrelevant to the grand jury process.

Moreover, Defendant articulates no infirmities concerning how the grand jury was drawn, summoned or selected, or the qualifications of any grand juror.  Defendant also fails to identify any violation of the few, clear rules crafted to ensure the integrity of the grand jury's functions, see United States v. Williams, 504 U.S. 36, 46, 112 S. Ct. 1735 (1992), and any prejudice resulting from any potential misconduct.

For the foregoing reasons, Defendants fails to specify sufficient reasons warranting dismissal of the Indictment.

**Commercial Notice Appointment of Fiduciary Debtor and Creditor**

Defendant also has filed a "Commercial Notice Appointment of Fiduciary Debtor and Creditor" apparently attempting to appoint this Court as his fiduciary.  See Dkt. Nos. 10 and 11.  These documents are unintelligible and do not assert valid legal claims. Accordingly, any relief sought by the notices is DENIED and the IRS Form 56s filed by Defendant are of no force or effect.

**Notice to Defendant Concerning the Filing of Motions**

Defendant is hereby advised that all motions must comply with this Court's local rules.  See N.D.N.Y.L.R. 7.1.  Those rules impose page limits, see N.D.N.Y.L.R. 7.1 and criminal rule 12.1, and require that the papers be presented in a particular manner (e.g.

double spaced).  See N.D.N.Y.L.R. 10.1.  **THE COURT WILL REJECT ANY FUTURE DOCUMENTS THAT DO NOT COMPLY WITH THE LOCAL RULES**.

Defendant also is advised that the Court will not entertain multiple motions for pre-trial relief.  See e.g. United States v. Fell, 360 F.3d 135, 146 (2d Cir. 2004)  (indicating a preference to avoiding "further piecemeal litigation); United States v. Lizardo-Acosta, 1994 WL 191999, at *1 (D. Kan. 1994) (Court should "avoid deciding issues in a piecemeal fashion.  The disposition of motions in a piecemeal fashion obviously requires both the court and the parties to needlessly invest additional resources in resolving pretrial issues."); see also Advisory Committee Notes to 1974 Amendment to Fed. R. Crim. P. 12.[2]  Rather, the Court will entertain only ONE omnibus motion filed on or before **the motion filing deadline specified in the pre-trial scheduling order (see Dkt. No. 4) (which is July 21, 2010).**  The Court will not entertain any Rule 12 motions after the July 21 set forth in the pre-trial scheduling order.

---

[2] The Advisory Committee Notes provides in relevant part as follows:

This and other amendments to rule 12 are designed to make possible and to encourage the making of motions prior to trial, whenever possible, and in a single hearing rather than in a series of hearings. . . . [The Advisory Committee] is of the view that the single pretrial hearing should be made possible and its use encouraged by the rules.

**CONCLUSION**

For the foregoing reasons, Defendant's motions to dismiss the indictment (Dkt. No. 15), for a write of habeas corpus (Dkt. No. 8), and for "Commercial Notice Appointment of Fiduciary Debtor and Creditor" (Dkt. No. 10) are DENIED.

IT IS SO ORDERED.

Dated: July 21, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge