```
United States Court of Appeals        U.S. DISTRICT COURT
second cir                            NORTHERN DISTRICT OF
                                      NEW YORK Case
UNITED STATES OF AMERICA              #1:10-cr-320(TJM)
   P;aintiff [sic]
v.                                    Writ of error by Affidavit
                                      of facts
ED PARENTEAU
   Defendant [sic]                    Court of Appeals

                                      Case#_____
```

[FILED stamp: U.S. DISTRICT COURT - N.D. OF N.Y. / FILED / SEP 20 2010 / AT____O'CLOCK____ / Lawrence K. Baerman, Clerk - Binghamton]

1. Comes now Ed-George: (family-Parenteau) hereinafter Ed-George: to submit this Writ of error by affidavit of facts pursuant to common-law, and I hereby declare and verifty under penalty of perjury, under the Laws for the united states of America without the "United States" that the following statements, facts are true and correct, and all matters pertaining to Law addressed herein are correct, and true to the best of Ed-George's: current information, knowledge and belief, pursuant to 28 U.S.C. 1746(1), and

2. The issue: error on "DENING Petition for Great Writ of Habeas Corpus", I Ed-George: attest that judge Thomas J. McAvoy, the UNITED STATES DISTRICT COURTNORTHERN DISTRICT OF NEW YORK has made critical errors by oversight or omission on the "DECISION and ORDER" dated 7/21/2010 (Document 17 pages 1 to 3) that has caused constitutional rights and 18 U.S.C. 3142(b) violations by failure to take into consideration the following facts and evidence as follows, and

3. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission by failure to have a required judicial hearing "The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as requird" in violation of 18 U.S.C. 3142(f), and

4. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failure to take into consideration the fact that all the other conditions of release order made by the U.S. DISTRICT COURT on June 22, 23 2010 does in fact assure the requird appearances for Ed-George: of all court dates as follows, and

5. I Ed-George: attest that I am innocence, "not guilty" and have been wrongly accused, and there are still issues pending with the U.S. DISTRICT COURT pertaining to "jurisdiction, probable cause, warrant and affidavit for warrant issues, and constitutional rights violations, and

6. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failure to take into consideration the facts the order of release dated June 22, 23 2010 requires defendant to contact by reporting to pre-tril services within 24 hours of ℱrelease, and the requirement to have a probation officer visit me and the home I live in at any time and follow all rules, requirements of the probation officer and actively seek a job, thereby keeping close tabs on me, and

7. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failuer to take into consideration the fact of the address of the home I am at is 120 Mountin view Drive apt 207 Sherburn, New York [13460] which is in the condition of release order dated June 22, 23 2010 that would address the "courts" concern of locating Ed-George:, and

8. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failure to take into consideration to allow me, my wife and other people who know me well to testify to my character, physical and mental condition, family ties lenght of time living in Sherburn, New York and New Jersey area, and my history, and to the fact pertaining to me and my wife's financial resources and ability to pay such a excessive bail of $10,000.00 securd by cash or U.S. property, and

9. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failure to take into consideration to give me notice and opportunity to present the fact that requiring me to post any cash bail would be using an instrument as a means to oppress me and my family out of our very little financial resources to use for my defence in this mater See Stack v. Boyie, 342 US 2, 3, and

10. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failure to take into consideration to allow me to present the fact I have filed two other cases with the U.S. DISTRICT COURT requesting to wave the court filing fees which was granted by the court as evidence of my lack of my financial resources to pay such a bail, and

11. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failure to take into consideration to allow me to present the fact if the "court" requires me to post any cash bond it will be using an instrument as ameans to oppress me and my family as me and my wife are unable to meet our

financial obligations without me having the ability to work to abtain financial resources to meet our obligations, and

12. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission by failure to take into consideration that to require me to post a cash bond as a condition of my release would be in violation of well settled law See Stack v. Boyie, 342 US 2,3, and in violation of the Eighth Amendment excessive bail, and

13. I Ed-George: attest that judge Thomas J. McAvoy has made a critical error by oversight or omission on the "DECISION and ORDER" by failure to take into consideration to allow me to present the fact that the U.S. DISTRICT COURT and the Court of Appeals has had no issue in locating me to communicate with at general post-office Smyrna: New-York as I have received communications sent by each court, and

14. I Ed-George: attest I will be at all required court dates and times when given notice to appear. My word is my bond, and

15. I Ed-George: attest that all the restrictive conditions outlined in the order of condition of release made by the U.S. DISTRICT COURT"S on June 22, 23 2010 does in fact meet the requirements to assure the appearances for all court dates and times of Ed-George: as noted in 18 U.S.C. 3142(b) "requires a court to order the pre-trial release of a defendant on a personal recognizance bond" and " if the court determines that a defendant's release on an unsecured bond presents a risk of flight the law still favors release subject to restrictive conditions" and therefore a personal recognizance bond with the conditions of release order made by the U.S. DISTRICT COURT on June 22, 23 2010 meets all the requirements to assure all appearances of Ed-George: for all court dates by keeping tabs on him, and

16. relief sought: Therefore it is requird by law that this "Court of Appeals" correct the errors made by the U.S. DISTRICT COURT and issue a order of release of Ed-George: on a personal recognizance bond with all the restrictive conditions outlined in the order of release made on June 22, 23 2010 made by the U.S. DISTRICT COURT, and

I Ed-George: hereby declare and verifty under penalty of perjury, under the Laws for the united states of America without the "United States" that the statements, facts are true and correct, and all matters pertaining to Law addressed herein are correct and true to the best of Ed-George's: current information, knowledge and belief so help me (God), pursuant to 28 U.S.C. 1746(1), and

date: 9/13/ 2010
Ed-George: (family-Parenteau)



Ed-George: (family-parenteau)
unlawfully held against my will in jail
Metropolitan Correctional Center
150 Park Row
New York, New York (10007)

U.S. DISTRICT COURT
Federal Court Clerk
15 Henry Street
Binghamton, New York [13901]

13901+2781