UNITED STATES DISTRICT COURT                       Case# 1-10-cr-320(TJM)
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA                           Affidavit by facts in
    Plaintiff [sic]                           opposition to Richard D.
                                                   Belliss, alleged affidavit
V.                                                 and Memorandum of law, and
ED PAREBTEAU                                       Christopher West, Raymond
    Defendant [sic]                           Nafey, Mark Kleist alleged
                                                   Affidavits filings on 10/5/2010

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 2   2010
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Binghamton

1. As to stamtement made by Richard D. Belliss on page ii number 3 of factual assertions are only hearsay since he had no first hand knowledge of the facts. therefore cannot be taken as any truth because "the law knows no hearsay" See Jones, 13 Wall US 679, 728, 20Led 666, 676, and

2. As to statement on page ii numbers 4, 5, 6 Government's Exhibit's 1, 2, and 3 alleged affidavits addressing the allegations raised are nothing execpt mere conclusions that contain no affirmative allegations that do not have any supporting facts (something that actually exists) that is only hearsay and do not meet the requirement of a affidavit to reveal their basis of statements, information of knowledge and provide sufficient facts to establish the reliability of the information because all three affidavits alleged to be made by F. B. I. agents, officers West, Nafey, and Kleist have the exact same wording execept for the names that clearly establishs the fact that all three affidavits, including West's search warrant affidavit were written by another person and not written in each of the officers own words and are not signed by the officers by stating "I, name declar or verify under penalty of perjury under the laws of the United States that the following statements facts are true and correct to the best of name current information, knowledge and belief pursuant to 28 U.S.C. 1746(2) required by law", therefore non of the Governments agents statements can by law be taken as having any factural basis, to support their statements, therefore it is an established fact that the government is attempting to overreach for something that does not exist to misslead this court. and

3. page iii not signed by Richard D. Belliss under penalty of perjury see Idem at number 2, and

4. As to statement made by Richard D. Belliss on Table of contents page number 1 "the no-knock search warrant signed by the judge was properly based upon a reasonable suspicion...would imperil the investigators safety" no facts (something that actaully exists) presented to support such statements see Idem at number 2. In fact by the agents failing to state their authority (who they are) before braking in the door could put the officers in greater danger of their safety because they could be taken as a intruder, therefore such a statement made by Richard D. Belliss is a false perspective for the purpose to misslead this court, and

5. Richard D. Belliss's statement of "18 U.S.C. 3109 which states" on page 2 of ARGUMENT line 19 to 27 is not correct. 3109 reads as follows " 18 U.S.C. 3109 which deals with entry to execute a search warrant, That section provides that an officer, executing a search warrant may brake open a door only if after notice of his authority and purpose, he is denied admittance"; and " Failure to first state officers authority and purpose makes the arrest and search and seizure unlawful and any evidence taken cannot be used " see Miller v. United States, 357 US 301, and therefore the law, and code is very clear of the intent on the requirment and therefore by the governments own omission (page 4 line 16, 17) they did violate the law and U.S. code, therefore it is an established fact by law the arrest and search and seizure is unlawful and all evidence taken June 22, 2010 by law must be suppressed, and see Idem at number 2, and

6. Richard D. Belliss's statement on page 3 line 3 and 4 of "under the Fourth Amendment, does not prohibit no-knock searchs". Even if that was true the law and 18 U.S.C. 3109 is very clear on the intent on the requirment of officers executing a search warrant to state their authority and purpose before braking open a door, and by all officers own omission of violating the law and U.S. Code requirment and since non of The officers statements reveal any facts, (something that actually exists) and evidence in law to establish that it would threaten the investigators safety, since all the officers have only made statements of mere conclusions of unidentified source of information that contains no affirmative allegations that the officers spoke with first hand personal knowledge of the matters in question. Therefore the law requires that once officers fail to first state their authorty and purpose it makes the arrest and search and seizure unlawful and any evidence taken cannot be used, see Miller v. United States, 357 US 301, and United States v. Remirez, 523 US 65 and therefore the governments statements are false perspectives to misslead this court, and

7. Richard D. Belliss's statements on page line 15, 16 and 17 of " United States v. Spinelli, 848 US 385, 391/397 holding that an exception to 18 U.S.C. 3109 has been recognized where unannounced entry is required by exigent circumstances" see Idem at number 2, 5 and 6, and therefore such statements are false perspective for the purpose to misslead this court, and

8. Richard D. Belliss's statements on page 3 line 18 to 21 of " The practice of allowing magistrates to issue no-knock warrants seems entirely reasonable when sufficient cause to do so can be demonstrated ahead of time Richards v. United States, 520 US 396". The statements by Richard D. Belliss are only conclusions, hearsay that that no affirmative allegations since he had no firsthand knowledge of the facts, therefore are false perspective of statements to misslead this Court, and is contrary to well settled constitutional law (as in this case) because not one of the affidavits, including the search warrant affidavit by Christopher West would pass the two-pronged test established by Aguilar v. Texas, 378 US 108, and Spinelli v. United States, 393 US 410, required the affidavit to reveal his informants and information basis of knowledge and provide sufficient facts to establish the information and informants veracity or reliability of the informants information and as a matter of constitional law, an affidavit reciting that the affiant believed evidence was being kept at described premises --- is not sufficient to establish probable cause for the issuance of a search warrant, since the affidavit states mere conclusions of unidentified information source and informant and contains no affirmative allegations that the affiant or the informer spoke with personal knowledge of the matter contained in the affidavit. Therefore in this case the magistrate that issued the search warrant did not perform his neutral and detached function and served merely as a rubber stamp for the F.B.I. agents and officers in this case and therefore allowing the officers to determine the probable cause see Idem at number 2, 5 and 6, and

9. Richard D. Belliss's statements on page 3 line 24 and page 4 line 1 to 3 of " in assessing the reasonableness of a no-knock entry, a reviewing court should determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement". No facts, (something that actually exists) evidence in Law have been presented to support justifing dispensing with required express announcement of officers authority and purpose before breaking in a door see Idem at numbers 2, 5, 6 and 8, and

Page 3 of 6

10. Richard D. Belliss's statement on page 4, line 11 to 15 of "The no-knock warrant signed by judge was properly based upon reasonable suspicion that requiring the investigators to knock and wait prior to entering would imperil the ---safety." No facts have been presented to support such statement see Idem at numbers 2, 5, 6, 7 and 8, and Belliss's statement on page 6 line 1 to 4 of "In particular, S/A Butteindt, West explained how the defendant, and his co-defendant, Jeffrey, were sovereign citizens, that is, individuals who do not recognize the authority of federal and state governments." I, Ed-George: denie the above statements as I fully recognize de jure sovereign authority Goverenment, and no facts have been presented to support such statements see Idem at numbers 2, 5, 6, 7 and 8, and therefore such statements are false perspective for the purpose to mislead this court, and

11. Belliss's statement on page 4 line 25 to 26 of "The government maintains that the manner in which entry was accomlished was entirely reasonable" and "The investigators conduct was tactically sound --- the amount of force used was reasonable." See photos which do not show the damage. I, Ed-George: attest that the amount of force and actions was not in any way sound judgment on the part of the officers and was totally unreasable as the force used sounded like a big gun going off as my wife and me still have bad dreams about what took place that day, see Idem at numbers 2, 5, 6, 7 and 8, and

12. Belliss's statements on page 5 line 1 to 14 are very closely worded the same as the three affidavits alleged to be made by West, Neeley and Kleist on pages 3, 4 numbers 8 and 9, therefore establishing evidence in fact the U.S. Attorneys made the affidavits not the officers, see Idem at numbers 2, and 8, and

13. Belliss's statements on page 5 line 15 to 24 of "The investigators actions in entering --- were entirely reasonable for three reasons (1) The face of the search warrant --- indicated it was a no-knock warrant consequently investigators were permitted to dispense with knocking on the door. This is a false perspective for the purpose to mislead this court, see Idem at numbers 2, 5, 6, 7, 8 and 12 and because the investigators know they were submitting their false perspective of statements, affidavits, and information they did not sign any thing under penalty of perjury that is required by law, and

(2) "Prior to entry the investigators did announce their presence by shouting search warrant". I, Ed-George: denie the allegation that any of the investigators shouted search warrant prior to entry, and the statement by Belliss's of investigators (meaning more then one) did announce their presence by shouting (meaning an express announcement) search warrant, this statement made by Belliss is contrary to all three affidavits alleged to be made by West, Nukey and Kleist at number 7 which state only Kleist stated search warrant, not all three investigators as stated by Belliss's thereby establishing by facts the [government] is only told half-truths to mislead this court in this matter, and (3) "The application for the search warrant sets forth the basis for West's concerns about investigator safety". Again the [government] has only told half-truths to mislead this court in this matter, see Idem at numbers 2,5,6,7, and 8

14. Belliss's statement on 6 line 5 to 11 of " In espousing their views, sovereign citizens have, on occasion, engaged violence". I, Ed-George: denie having any connection to any such persons, and no facts have been presented to support such statement, see Idem at numbers 2,5,6,7,8,10,11, 12 and 13, and

15. Statement on page 6 line 7 to 11 of "---- pen register data showed numerous calls between the defendant's cellular telephones and a person who had frequent contact with Jerry Kane - one of two individuals responsible for killing two WestMemphis, Arkansas police officers---" I, Ed-George: denie having any such contact with any such alleged person connected with any such acts of violence, because pen register is an wire interception device attached to a telephone line, usualy at the telephone company's central office. Even if the pen register data alleged to show calls between unidentified alleged defendant's cellular telephones and the unidentified person alleged to have contact with a Jerry Kane do not establish any facts, (something that actually exists) showing that the alleged defendant had any actual contact (meaning talked to) the alleged unidentified person in question. Because pen register data only shows on paper for a particular telephone records the date, time and number of call outgoing calls dialed from a particular telephone, and cuts off without determining whether the call was completed, and without monitoring the conversation. Therefore non of the governments agents statements can by law be taken as having any facts to support their statements, therefore it is an established fact that the government is attempting to overreaching for something that does not

page 5 of 6

exists to misslead this court, see Idem at numbers 2, 5, 6, 7, 8, 10, 11, 12 and 13, and

16. Belliss's statement on page 6 line 19 to 21 of "An investigator's objectively reasonable reliance upon a no knock provision in a search warrant precludes application of the exclusionary rule". This statement would be saying it is ok (in this case) for officers to violate their own law by executing the search warrant reasonably relied on the validity of the warrant, and therefore such statement are false perspective for the purpose to misslead this court, see Idem at numbers 2, 5, 6, 7, 8, 10, 11, 12 and 13, and

17. Belliss's statements on pages 6, 7 and 8 have no facts, (something that actually exists) evidence in law to support the governments statements in this case and therefore it is an established fact in law that the arrest, of Ed-George: and search and seizure is unlawful and all evidence cannot be used in this case, see Idem at numbers 2, 5, 6, 7, 8, 10, 11, 12, 13 and 15, and

18. It is an established fact that the three affidavits goverenment Exhibits 1, 2, and 3 are worded the exact same that clearly establishs the fact all affidavits were written by another person and not agents West, Nutey and Kleist and are not signed under penalty of perjury required by law, therefore cannot by law be taken as any facts to support their statements see Idem at numbers 2, 5, 6, 7, 8, 10, 11, 12, 13 and 15, and See Illionis v. Gates, 462 US 213, and Aguilar v. Texas, 378 US 108, and Spinelli v. U.S., 393 US 410, and United States v. Ely, 719 F2d 902, and

19. Therefore it is an established fact in law the arrest of Ed-George: is unlawful and void, and all evidence taken on June 22, 2010 from the home of Ed-George and his wief cannot be used in this case, and

20. I, Ed-George: declar and verify under penalty of perjury under the Laws, for the united states of America without the "United States" that the following established facts are true and correct, and all matters pertaining to law addressed herein are accurate and true to the best of Ed-George's: current information, knowledge and belief so help me (God) pursuant to 28 U.S.C. 1746(1), and

Date 10/18/2010

Ed-George: (family-Pesenteau)

page 6 of 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
 Plaintiff [sic]

v.

ED GEORGE PARENTEAU
 Defendant [sic]

Case # 1:10-cr-320(TJM)

Objection to Report-Recommendation and ORDER to stand trial dated October 7, 2010

1. I, Ed-George: (family-Parenteau) conditionally accept the court's offer upon proof of claim that I, Ed-George: have agreed to accept the offer to stand trial as defined below, and I Ed-George: require strict proof thereof, and

2. Stand Trial: To submit to: "A yielding to the will of another" BLACK'S LAW DICTIONARY page 1466, and

3. Submit: "A contract in which the parties agree to refer dispute to a third party---" BLACK'S LAW DICTIONARY page 1466, and

4. I, Ed-George: denie accepting any contract called "stand trial and demand strict proof thereof, and

October 16, 2010

Ed-George: (family-Parenteau)

# Proof and evidence of service

I, Ed-George: declar that I have served by post-office one original and one copy upon the parties listed below

U.S. Attorneys Richard D. Belliss 445 Broadway Albany, New York, and the U-S District court clerk the six page affidavit by facts in opposition to government alleged affidavits, and memorandum of law filing on 10/5/2010

10/18/2010

*[signature]*
Ed-George: (family-parenta)

Ed-George: (family-Pur enteau)
Albany County Jail
840 Albany Shaker Road
Albany, New York [12211]
unlawfully held legal nst my
will in Jail

**INDIGENT MAIL**

Jesey court papers
For filing

Albany County
Correctional Facility
840 Albany Shaker Road
Albany, NY 12211-1088

U.S. DISTRICT COURT CLERK
445 Broadway Room 509
Albany, New York [12207]

LAWRENCE K. BAERMAN, CLERK
ALBANY

U.S. DISTRICT COURT
N.D. OF N.Y.
RECEIVED
OCT 21 2010

Hasler

016H265155Z0

Mailed From 12211
10/20/2010
$00.61⁰
US POSTAGE

1220732548