UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     v.                                                                          1:10-cr-320

ED GEORGE PARENTEAU,
also known as ("a/k/a") "ed-george" and
JEFFREY CHARLES BURFEINDT
a/k/a "jeffrey-charles,"

                             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

     Defendant Ed George Parenteau ("Defendant") was indicted on two counts of mail fraud in violation of 18 U.S.C. § 1341. It is alleged that Defendant participated in a scheme to obtain monies through, *inter alia*, the filing of false liens. Defendant now moves to suppress items seized during a June 22, 2010 search of his residence on the grounds that FBI agents did not knock and announce their presence before entering his home.

     The search at issue was executed pursuant to a no knock warrant issued by a Magistrate Judge. Assuming *arguendo* that the Magistrate Judge improperly issued a no knock warrant,[1] or that the law enforcement officers executing the search otherwise violated the statutory or common law knock and announce rule, the Supreme Court held in Hudson v. Michigan, 547 U.S. 586, 126 S. Ct. 2159 (2006), that the exclusionary rule is inapplicable to

---

[1] There is no challenge to the issuance of the warrant itself, but only to the fact that the officers entered the house without properly announcing their presence.

violations of the knock and announce rule.[2] See also United States v. Roberge, 565 F.3d 1005, 1010 (6th Cir. 2009); United States v. Jones, 523 F.3d 31, 36 (1st Cir. 2008); United States v. Ankeny, 502 F.3d 829, 835 (9th Cir. 2007); United States v. Acosta, 502 F.3d 54 (2d Cir. 2007); United States v. Bruno, 487 F.3d 304 (5th Cir. 2007); United States v. Snow, 462 F.3d 55, 61 (2d Cir. 2006); United States v. Williams, 2007 WL 4302971 (D. Conn. 2007). Moreover, there is nothing before the Court suggesting that the officers executing the warrant did not reasonably rely upon the no knock warrant signed by the Magistrate Judge. Thus, suppression is not warranted. United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405 (1984).

For the foregoing reasons, the motion to suppress is DENIED.

IT IS SO ORDERED.

Dated: October 26, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] The Court is not suggesting that there was any impropriety with the search warrant.