UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.

ED GEORGE PARENTEAU and              Cr. No. 10-CR-320 (TJM)
JEFFREY CHARLES BURFEINDT
                               (Hon. Thomas J. McAvoy)

               Defendants.
_____


## GOVERNMENT'S RESPONSE TO DEFENDANT PARENTEAU'S MOTION TO DISMISS

The United States of America, by its attorneys, submits herewith its response to defendant **ED GEORGE PARENTEAU'S** motion to dismiss the indictment filed in connection with the above-referenced matter.


Dated: November 1, 2010           Respectfully submitted,

                      RICHARD S. HARTUNIAN
                      UNITED STATES ATTORNEY

BY:    */s/ Richard D. Belliss*
            RICHARD D. BELLISS
            Assistant U. S. Attorney
            Bar Role Number: 515295
            E-mail:
            richard.belliss@usdoj.gov
            United States Attorneys Office
            James T. Foley U.S. Courthouse
            445 Broadway
            Albany, N.Y. 12207
            Telephone: (518)431-0247
            Fax: (518)431-0249

## TABLE OF CONTENTS

Page

I.   Affidavit of Richard D. Belliss........................i

II.  Memorandum of Law....................................1

     A. MOTION TO DISMISS COUNTS 1 & 2 ...................1

     1.  <u>Counts one and two of the Indictment each
         contain all of the essential elements of the
         offenses charged, fairly inform the defendants
         of the charges against which they must defend,
         and allege sufficient information to allow the
         defendants to plead double jeopardy should they
         face a subsequent prosecution</u>.....................3

     B. CONCLUSION.......................................5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.

**ED GEORGE PARENTEAU and
JEFFREY CHARLES BURFEINDT**

          Defendants.

---

**A F F I D A V I T**

Cr. No. 10-CR-320 (TJM)

(Hon. Thomas J. McAvoy)

State of New York)
         ) ss.:
County of Albany )

    RICHARD D. BELLISS, being duly sworn, deposes and says:

    1.  That I am an Assistant United States Attorney, of counsel, to Richard S. Hartunian, United States Attorney of the Northern District of New York, and I am responsible for handling the above matter in our office.

    2. That the Memorandum of Law attached hereto and incorporated herein is submitted in response to defendant Parenteau's motion to dismiss Counts 1 and 2 of the Indictment, which motion is returnable before this Court on **November 26, 2010** at 10:00 A.M.

RICHARD D. BELLISS
ASSISTANT U.S. ATTORNEY

Sworn to before me this
1st day of November, 2010.

MARGARET B. BALDWIN
Notary Public - State of New York
No. 01BA6137225
Qualified in Saratoga County
My Commission Expires Nov. 21, 20 13

Notary Public

ii

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.

**ED GEORGE PARENTEAU and**
**JEFFREY CHARLES BURFEINDT**

             Defendants.
_____

                                **MEMORANDUM OF LAW**

                              Cr. No. 10-CR-320 (TJM)

                              (Hon. Thomas J. McAvoy)

## PRELIMINARY STATEMENT

The defendants are charged in a two-count indictment. Count 1 alleges the defendants conspired to commit mail fraud in violation of Title 18, United States Code, Sections 1341 & 1349. Count 2 alleges the defendants committed mail fraud in violation of Title 18, United States Code, Sections 2, 1341 & 1349.

Before the Court is defendant Parenteau's motion to dismiss the Indictment. This memorandum of law is submitted in opposition to the defendant's motion.

## ARGUMENT

A.   DISMISSAL OF COUNTS 1 & 2

Defense Claim: Defendant Parenteau moves this Court to dismiss the aforementioned counts in the Indictment on the grounds that the Indictment fails to allege proper jurisdiction and fails

1

to state an offense.    The government denies the allegations made by defendant Parenteau and his motion to dismiss should be denied.[1]

Case Law: The Supreme Court has held that an indictment is normally sufficient if its language tracks the statutory language, sets forth all the "elements necessary to constitute the offense...," and affords the defendant double jeopardy protections. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).    An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and ... enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *see also* Fed.R.Crim.P. 7(c)(1) ("[t]he indictment [] must be plain, concise, and a definite written statement of the essential facts constituting the offense charged..."); *United States v. Bustos de la Pava*, 268 F.3d 157, 162 (2d Cir. 2001).

Count one of the Indictment alleges that defendants Parenteau and Burfeindt conspired to commit mail fraud by the use of a fraudulent lien and judgment scheme, in violation of 18 U.S.C. §§ 1341 & 1349.    Count two of the Indictment alleges that defendants

---

[1] To the extent defendant Parenteau makes a challenge to the jurisdiction alleged in the Indictment, the government invites the Court's attention to paragraphs 17 and 34 of the Indictment which allege proper jurisdiction and venue.

1

Parenteau and Burfeindt, each aiding and abetting the other, committed mail fraud, in violation of 18 U.S.C. §§ 2, 1341 & 1349. Section 1341 imposes criminal penalties on a person who:

> having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . . or knowingly causes to be delivered by mail . . . according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. 18 U.S.C. § 1341.

The essential elements of a mail fraud allegation are: "(1) a scheme to defraud victims of (2) money or property, through the (3) use of the mails." *United States v. Walker*, 191 F.3d 326, 334 (2d Cir. 1999) (citing *United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996)).[2]

---

[2] Conspiracy to commit mail fraud generally requires proof of four elements: (1) that two or more persons entered into an unlawful agreement; (2) that the defendants were each a party to or member of the agreement; (3) that the defendants joined the agreement knowing of its objective and intending to achieve its objectives; and (4) that at some time during the existence of the agreement, one of the members performed an overt act in the Northern District of New York in order to further the objectives of the agreement. *See* 1 L. Sand, et al., *Modern Federal Jury Instructions-Criminal*, Instruction 19-3 (2009).

1. <u>Counts one and two of the Indictment each contain all</u>
<u>of the essential elements of the offenses charged,</u>
<u>fairly inform the defendants of the charges against</u>
<u>which they must defend, and allege sufficient</u>
<u>information to allow the defendants to plead double</u>
<u>jeopardy should they face a subsequent prosecution</u>.

The overt acts alleged in count one are numerous.  The overt acts generally allege that defendants Parenteau and Burfeindt mailed, or caused to be mailed, a variety of documents.  These documents claimed that Parenteau and Burfeindt were the secured creditors of liens and judgments which required various employees of the Town of Lloyd, the Town of Lloyd Police Department and Ulster County to pay multi-million dollar sums of money.  Count 2 alleges a substantive offense of mail fraud involving a lien and judgment scheme to defraud the same municipal employees.

While the overt acts alleged in an indictment need not be inherently criminal (*see Braverman v. United States*, 317 U.S. 49, 53 (1942); *United States v. Montour* 944 F.2d 1019, 1026 (2d Cir. 1991) (citation omitted)), the overt acts alleged in count one are a mix of both lawful, and inherently unlawful acts.  These acts can serve to further a criminal agreement whose purpose is to defraud victims of money or property.  Count two realleges the allegations of paragraphs 1-15 in the Indictment and tracks the pertinent statutory language.  An indictment need not expressly allege scienter if the indictment tracks the statutory language and fairly implies the *mens rea* by reference to the cited statutes.  *See United States v. Gelzer*, 50 F.3d 1133, 1138 (2d Cir. 1995)

3

(indictment charging the use of a firearm during a crime of violence, which tracked the statutory language but failed to allege scienter, sufficient because the indictment fairly implied such requirement by reference to the statute).  The language in counts one and two track the statutory language of the pertinent statutes, makes reference to the pertinent statutes, provides a vast amount of information so that the defendants can understand the charge, and affords the defendants double jeopardy protections, which is what satisfies *Hamling* and its progeny.

Defendant Parentuau's argument amounts to nothing more than speculation about the sufficiency of the evidence, and while a defendant may move to dismiss an indictment based upon defects within the indictment or for defects in the manner in which the prosecution was initiated, a motion to dismiss for insufficiency of the evidence is improper.  *See United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000); *United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978); *see also United States v. Fruchter*, 104 F.Supp.2d 289, 298 (S.D.N.Y. 2000)(holding that "it is well established that an indictment that is valid on its face...may not be dismissed on the ground that it is based on inadequate or insufficient evidence.").  A motion to dismiss is not a device for a summary trial of the evidence.  *See United States v. Eichman*, 756 F.Supp. 143, 145-46 (S.D.N.Y. 1991) (citing *United States v. Winer*, 323 F.Supp. 604, 605 (E.D.Pa. 1971)). An indictment which "states

4

the elements of the statute charged and the approximate time and place of the alleged crime" is facially valid.  *See United States v. Luguis*, 166 F.Supp.2d 776, 778 (S.D.N.Y. 2001) (citing *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998)).

B. <u>CONCLUSION</u>

The motion of defendant Parenteau should be denied in all respects.

5

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2010, I caused the mailing and electronic filing of the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Ed George Parenteau          (via certified mail)
Inmate, Albany County Jail
840 Albany Shaker Road
Albany, New York 12211

Fred Rench, Esq.             (via electronic filing)
Attorney for Jeff Burfeindt
646 Plank Road, Suite 204
Clifton Park, New York 12065


Dated: November 1, 2010          /s/ Richard D. Belliss
                                 Richard Belliss
                                 Assistant U.S. Attorney

6