UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,


vs.                                    10-CR-320

ED GEORGE PARENTEAU, JEFFREY CHARLES BURFEINDT,

                    Defendants.
--------------------------------------------------x


        Transcript of *INITIAL APPEARANCE* held on September 29,

2011, at the James T. Foley U.S. Courthouse, 445 Broadway,

Albany, New York, the HONORABLE DAVID R. HOMER, presiding.



                    A P P E A R A N C E S

For Government:        OFFICE OF THE UNITED STATES ATTORNEY
                       218 James T. Foley U.S. Courthouse
                       Albany, New York 12207-2924
                         BY:  NATHANIEL DORFMAN, ESQ.
                              RICHARD D. BELLISS, ESQ.
                              Assistant U.S. Attorney

US v. Burfeindt, et al. - 10-CR-320

1    THE COURT:  Today is Wednesday, September 29th,

2    2010.  The time is 1:49 p.m. in the matter of the United

3    States of America versus Jeffrey Charles Burfeindt, case

4    number 10-CR-320.

5         Can we have appearances for the record, please.

6         MR. DORFMAN:  Nat Dorfman for the United States.

7    Good afternoon, your Honor.

8         THE COURT:  Good afternoon.  And are you Mr.

9    Burfeindt?

10        THE DEFENDANT:  Yes, Jeffrey Charles.

11        THE COURT:  I'm sorry?

12        THE DEFENDANT:  Jeffrey Charles, yes.

13        THE COURT:  And do you speak and understand

14   English?

15        THE DEFENDANT:  I believe so, yes.

16        THE COURT:  And do you read and write English?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Thank you.  Mr. Dorfman, before we

19   begin, we're starting 20 minutes late.  I was told you would

20   be ready at 1:30.  Was there a problem?

21        MR. DORFMAN:  I was ready before 1:30, your Honor.

22   There was an issue relating to bringing the defendant to the

23   courtroom and my understanding it was an issue as to whether

24   the Marshals should bring him here or the case agents and

25   unbeknownst to me, that problem arose and I was up here but

US v. Burfeindt, et al. - 10-CR-320

1  that's the nature of the delay; but we certainly apologize

2  for the inconvenience.

3          THE COURT:  For the future, as I'm sure you know,

4  there is no issue as to who's to produce the defendant in

5  court for a first appearance.  It's the arresting agency.

6          MR. DORFMAN:  And I was --

7          THE COURT:  Is that the FBI?

8          MR. DORFMAN:  I believe it was the FBI who made the

9  arrest today, a member of the task force.

10          THE COURT:  You'll take whatever steps to make sure

11  they understand what the rules have been for years.

12          MR. DORFMAN:  I certainly will, your Honor.

13          THE COURT:  It's their responsibility.

14          MR. DORFMAN:  I will let them know.

15          THE COURT:  All right.  Mr. Dorfman, can you tell

16  me what the charges are and the maximum penalties.

17          MR. DORFMAN:  Sure, your Honor.  We're here for an

18  initial appearance and/or arraignment -- I'm not certain --

19  but we can deal with the initial appearance.

20          A federal grand jury has returned a two count

21  Indictment charging Jeffrey Charles Burfeindt with violations

22  of 18, United States Code, Sections 1341 and 1349.

23          Count 1 of the Indictment charges Mr. Burfeindt

24  with conspiracy to commit mail fraud.  If convicted of that

25  offense, he faces a maximum term of incarceration of 20

US v. Burfeindt, et al. – 10-CR-320

1  years, a maximum fine of $250,000, a term of supervised

2  release of up to three years and a mandatory special

3  assessment of $100.

4      Count 2 of the Indictment charges Mr. Burfeindt

5  with committing mail fraud and the same penalties apply.

6  There is a maximum term of incarceration of 20 years, a

7  maximum fine of $250,000, $100 special assessment, and a term

8  of supervised release of up to three years.

9      THE COURT:  Has a copy of the Indictment been

10  provided to Mr. Burfeindt?

11      MR. DORFMAN:  I'm providing him with a copy as I

12  speak, your Honor.

13      THE COURT:  Thank you.  Mr. Burfeindt, since this

14  is your first appearance in court on this charge, there are

15  certain matters that I must advise you about.

16      The first purpose of this proceeding is to advise

17  you formally of the charge which has resulted in your arrest.

18  The charge is contained in a document known as the

19  Indictment.  A copy of the Indictment has been provided to

20  you.

21      In addition, the government's attorney has just

22  summarized for you the maximum penalties that you face if

23  you're found guilty of the charges.

24      You have certain important rights in this

25  proceeding.  The first is the right to remain silent and you

US v. Burfeindt, et al. – 10-CR-320

1   need not answer any questions or make any statements if your

2   answers to those questions or those statements would tend to

3   incriminate you.  You may answer questions and make

4   statements if you choose but you must understand that

5   anything you say can be used against you in this or any other

6   legal proceeding.

7           The next important right that you have is the right

8   to be represented by an attorney throughout this proceeding.

9   If you cannot afford an attorney, one can be appointed to

10  represent you at no cost to yourself.

11          Mr. Burfeindt, is it your intention to retain your

12  own attorney or to proceed in some other fashion?

13          THE DEFENDANT:  When I spoke to -- I'm trying to

14  remember who before -- I have spoken to a few people, but

15  the -- what was her name, Joan, maybe.

16          THE COURT:  Joan Fahey is the Pretrial Services

17  Probation Officer who interviewed you.

18          THE DEFENDANT:  Yeah.  Yeah.  I started speaking to

19  her initially and there's someone that is -- that has power

20  of attorney for me and I don't know if that was ever -- she

21  was going to try to do something with contacting her and I

22  don't know whatever happened with that.

23          THE COURT:  Well, a power of attorney is not an

24  attorney admitted to practice in this court and those are the

25  individuals who can represent individuals such as yourself

US v. Burfeindt, et al. - 10-CR-320

1  charged with a crime.  A power of attorney is not sufficient

2  for someone to represent you.  They have to be an attorney

3  admitted to practice and unless they are, they would not be

4  contacted by the Probation Office or the Court in any way.

5         THE DEFENDANT:  Okay.  I'm not sure about if --

6  where that all stands, if she could or couldn't.  That's what

7  I had mentioned to --

8         THE COURT:  Well, she wrote to my attention and I

9  directed her not to contact the person because they were not

10  an attorney admitted to practice in this court.

11         THE DEFENDANT:  Oh.

12         THE COURT:  So no contact was made, to my

13  knowledge.

14         THE DEFENDANT:  Okay.

15         THE COURT:  So the question is whether you intend

16  to retain your own attorney admitted to practice in this

17  court to represent you or to proceed, for example, by

18  representing yourself or you can apply for appointment of

19  counsel.  You have some choices to make here.

20         THE DEFENDANT:  All right.  Could you just give

21  me --

22         THE COURT:  If you want to consider your options,

23  we can adjourn the matter for a day or two while you do

24  consider it.  You can consult with friends or whatever you

25  want to do.

US v. Burfeindt, et al. - 10-CR-320

1          THE DEFENDANT:  Could you just give me those
2    options again?
3          THE COURT:  You can retain your own attorney
4    admitted to practice in this court to represent you.
5          THE DEFENDANT:  Is there a way -- could I write
6    something?  I don't have a pen but is there a way to write
7    something down?
8          (Off-the-record discussion held.)
9          THE COURT:  Number one, you can retain your own
10   attorney.
11          THE DEFENDANT:  Okay.
12          THE COURT:  Number two, you can apply for the
13   appointment of an attorney to represent you.  That means
14   you'd have to fill out a financial affidavit so that I could
15   determine whether you qualify.  I don't know anything about
16   your financial condition at this point.
17          THE DEFENDANT:  Okay.
18          THE COURT:  Number three, you can request to
19   represent yourself in this matter.
20          THE DEFENDANT:  Okay.
21          THE COURT:  If you decide to represent yourself,
22   what I would propose to do is to appoint an attorney who's
23   admitted to practice as what's called stand-by counsel,
24   someone with who you can consult and seek advice on how to
25   proceed as you represent yourself.  It's called stand-by

US v. Burfeindt, et al. - 10-CR-320

1   counsel.

2          THE DEFENDANT:  Yeah, I just wrote that down.

3   Thank you.

4          THE COURT:  So those are your three choices.

5          THE DEFENDANT:  Okay.

6          THE COURT:  And what I would propose to do as to

7   that is to adjourn this matter until Friday at 1:30 so you

8   can consider how you wish to proceed.  Is that agreeable?

9          THE DEFENDANT:  1:30, you said?

10          THE COURT:  That's correct.

11          THE DEFENDANT:  Okay.

12          THE COURT:  All right.  Now, on the remaining

13   matter, then, since the arraignment will be postponed until

14   after you resolve your representation, the only remaining

15   matter is the question of bail.

16          What's the government's position, Mr. Dorfman?

17          MR. DORFMAN:  Had the defendant been interviewed by

18   Pretrial Services, we would have requested that he be

19   remanded -- or, I'm sorry, be released on $25,000 cash or

20   secured bond but also subject to supervision by Pretrial

21   Services.  I've been advised by Pretrial Services that they

22   cannot supervise a defendant who does not consent to an

23   interview.  So there is the conundrum that we are facing.

24   And in light of that and given that, based on their report,

25   it appears that the defendant has been charged with bail

US v. Burfeindt, et al. – 10-CR-320

1  jumping in 2009, we would request that the Court impose a

2  secured requirement that the defendant post either $100,000

3  in cash or a secured bond prior to any release.

4          THE COURT:  All right.  Mr. Burfeindt, do you

5  understand what just happened?

6          THE DEFENDANT:  Somewhat.

7          THE COURT:  The government recommends that you be

8  released on certain conditions, principally including that

9  you post $100,000 as security for your release.  Can you post

10  that?

11          THE DEFENDANT:  A hundred thousand dollars, I -- I

12  don't have money, no.  What I can tell you, Judge, is that --

13          THE COURT:  Before I hear what you have to say, let

14  me go on.

15          THE DEFENDANT:  Okay.

16          THE COURT:  The government's position is affected

17  in significant respects by what they've been advised was your

18  failure to be interviewed by the Probation Office.  By way of

19  background, whenever any criminal defendant is arrested and

20  considered for bail, they're interviewed by the Probation

21  Office as to the background -- matters unrelated to the

22  charges, background, criminal record, employment, family

23  ties, ties to the community, matters that are relevant to

24  bail so that the Court and the parties can assess the case as

25  to whether there's any risk or danger of flight or danger to

US v. Burfeindt, et al. – 10-CR-320

1   the community and so forth, what conditions should be

2   imposed.  For example, if there's a history of drug abuse,

3   then drug testing would be a condition and the like.  But

4   unless there's an interview, the Court can't determine what

5   conditions would be appropriate for release.

6          THE DEFENDANT:  All right.

7          THE COURT:  The government can't determine its

8   position.  You did not agree to be interviewed today.  That's

9   your choice.  But one of the consequences is that it affects

10  the decision on bail.

11         What I'm going to do is adjourn this matter until

12  Friday at 1:30 here in this courtroom.  On Friday I will ask

13  the Probation Office to interview you again.  It is your

14  right not to provide any information.  I simply tell you that

15  it may have some impact on the decision that's made with

16  respect to your release and, pending that, you will be

17  detained pending the hearing on Friday.

18         Now, is there anything else, Mr. Dorfman?

19         MR. DORFMAN:  Your Honor, I just would ask

20  permission for us to reconsider our position on detention on

21  Friday, as well.

22         THE COURT:  Reconsider and seek detention or reduce

23  the amount of your --

24         MR. DORFMAN:  Both ways.

25         THE COURT:  You're preserving all rights?

US v. Burfeindt, et al. - 10-CR-320

1          MR. DORFMAN:  Yes, your Honor.

2          THE COURT:  All right.  I understand.  Is there

3     anything further, Mr. Dorfman?

4          MR. DORFMAN:  No, thank you.

5          THE COURT:  Mr. Burfeindt, anything further?

6          THE DEFENDANT:  Yeah, I just want to make a

7     comment.  When Ms. Fahey -- I'm sorry, I'm not good with

8     names -- when she came in, we started talking.  I didn't say

9     that I didn't want to talk to her.  I just said that I have a

10    power of attorney and I guess she said she was going to go

11    and speak to you and get back to me.  So that was kind of

12    left in limbo.  So if it's possible -- I don't know if it

13    is -- I would, you know, now that I know what transpired, I

14    would speak to her and is it possible we can do this -- I can

15    do this.  I would have done it before if I would have known

16    where everything stood.  Is that --

17         THE COURT:  Ms. Fahey, can I see you here for a

18    minute.

19         (Off-the-record discussion held.)

20         THE COURT:  I've just spoken with the Pretrial

21    Services Officer Fahey.  Either she or someone else from the

22    Probation Office will interview you now downstairs in the

23    Marshal Service where you met before.  So we're going to take

24    a recess and they'll interview you and we'll come back to

25    court and see what the results are and the government and I

US v. Burfeindt, et al. - 10-CR-320

1   can reconsider our positions.

2          THE DEFENDANT:  Okay.  Thank you.

3          THE COURT:  Anything else, Mr. Dorfman?  We'll let

4   you know when we're ready.

5          MR. DORFMAN:  Whose custody is he now in?

6          THE COURT:  He is now in the Marshal's Service

7   custody.

8          Mr. Burfeindt, you're committed to the custody of

9   the United States Marshal while we take a recess.  I ask that

10  he be returned to the Marshal service for an interview down

11  there.  Thank you.

12          THE CLERK:  Off the record.

13          (Recess taken.)

14          (Open court, 3:02 p.m.)

15          THE CLERK:  Court is back in session.

16          THE COURT:  The record should reflect that

17  Mr. Belliss has replaced Mr. Dorfman on behalf of the

18  government.  Mr. Burfeindt is also present in person.

19          The record should further reflect that during the

20  recess, Mr. Burfeindt was interviewed by a Pretrial Services

21  officer.  In the interest of time, a written report was not

22  submitted but an oral report was provided to the Court,

23  counsel for the government and Mr. Burfeindt, which included,

24  among other things, a recommendation that Mr. Burfeindt be

25  released on the $25,000 bond secured by cash or property with

US v. Burfeindt, et al. – 10-CR-320

1   certain other conditions.

2           Mr. Belliss, what's the government's position on

3   this?

4           MR. BELLISS:  Your Honor, the government echos Ms.

5   Fahey's recommendation that this defendant should be remanded

6   until the posting of a $25,000 secured bond, along with

7   imposition of the standard District conditions, including a

8   special condition that he not be permitted to file any type

9   of judgment or lien without prior approval of the Court.

10          THE COURT:  All right.  Mr. Burfeindt, do you wish

11  to be heard on the recommended disposition or anything else

12  with respect to bail?

13          THE DEFENDANT:  I would like to say something --

14          THE COURT:  All right.

15          THE DEFENDANT:  -- if I may.  Judge Homer, I live

16  my life by the Bible and what's in the Bible and I do my best

17  to do that.  I do not have the funds that have been discussed

18  but my word is my bond.  If I say that I will do something, I

19  will do that.  And if that could be taken into consideration,

20  I would appreciate it.  I don't know what the status of my

21  family is in terms of -- but that's -- that's all that I'm

22  asking for.  If I give my word to do something, I certainly

23  will do that.  If I am to be here or you want me here at a

24  certain time, I'll be here and you have my word on that and

25  I'll, you know, to me that is -- for me to be honest with

US v. Burfeindt, et al. - 10-CR-320

1  people is the most important thing to me and, you know, I

2  have to answer, you know, on judgment day I will have to

3  answer for my actions and what I do or don't do; but I can

4  give you my word that if I say I will be here, I will be

5  here.

6           THE COURT:  Mr. Burfeindt, I'd like to ask you a

7  question.  You don't have to answer it because you're

8  protected by the Fifth Amendment privilege.  I want to make

9  sure you understand that.  So it's with some hesitancy that I

10 ask you that.  You say that your word is your bond and, of

11 course, as with anyone else, we want to believe you.

12          THE DEFENDANT:  Mm-mm.

13          THE COURT:  On the other hand, there are warrants

14 outstanding for your failure to appear in other courts where

15 presumably you gave them your word, too.  How do I resolve

16 that?

17          THE DEFENDANT:  Okay.  With the, with the one --

18 the one warrant that Ms. Fahey had mentioned, I was unaware

19 but that action was -- there was something pending in the

20 County Court at the time, so when I thought that was being

21 acted upon and then when the officer came to me, he had asked

22 me, he said, you were supposed to be in court.  And I said,

23 this -- there was a paper put into the County Supreme Court

24 and to my understanding I wasn't.  And he goes, well, that's

25 not what I understand.  So that's how that came up.

US v. Burfeindt, et al. - 10-CR-320

1    It wasn't that I, you know, I didn't say, you know,

2    that -- that was my understanding that when there was

3    something put into the higher court, that they were going to

4    act on that first and then that the town court would act.

5    That's -- that was my belief, so I wasn't, you know, I didn't

6    not go.  So, I don't know if -- I'm trying to do the best

7    answer to the question, if I can.

8         THE COURT:  All right.  Well, I --

9         THE DEFENDANT:  And then --

10        THE COURT:  -- appreciate that.

11        THE DEFENDANT:  -- that was since -- sorry, I

12   didn't mean to step on you.  And that was since removed to

13   the federal court.  So it was sort of in a -- in, like, limbo

14   for a while.  So nothing ever got back to the town court

15   again.  So, if, if that brings any clarity, I don't know, but

16   I'm just trying to put some of the other things behind, you

17   know, instead of just --

18        THE COURT:  All right.  Thank you.

19        Anything else, Mr. Belliss?

20        MR. BELLISS:  Judge, I can give the Court, if it

21   would like, the government's version of the facts involving

22   the Town of Lloyd Court and the failure to appear warrant

23   that was issued by the town justice.  It differs

24   significantly from Mr. Burfeindt's recollection of events.

25        THE COURT:  Please.

US v. Burfeindt, et al. - 10-CR-320

1          MR. BELLISS:  Specifically Mr. Burfeindt and what

2     is now his codefendant Mr. Parenteau were arrested in March

3     of 2009 and brought before the Town of Lloyd Town Justice,

4     Judge Rizzo.  They were permitted bail and they were told to

5     reappear about a month later.  They did, in fact, reappear,

6     were told that their matter would be pushed over another

7     month while the Court resolved their motions to dismiss for

8     the lack of jurisdiction with a specific admonishment by

9     Judge Rizzo of their next court appearance, I think it was in

10    May of 2009, and that they both promised to appear.  Neither

11    of those two defendants did appear for that court appearance

12    and that was the basis for the issuance of the warrant sent

13    out for the failure to appear from the Town of Lloyd.

14          Any other failure to appear warrants I don't have

15    specific knowledge of at this juncture.

16          THE DEFENDANT:  Judge Homer, may I say something.

17          THE COURT:  Briefly.

18          THE DEFENDANT:  Thank you.  I don't remember

19    exactly but I believe the timeline that he gave of that next

20    time was that's when the county -- the paperwork was put into

21    the County Court on that matter and that was still -- there

22    was -- it wasn't really answered.  It was just kind of -- we

23    were kind of waiting to hear back to see what they were going

24    to do.  And then I found out after the fact that it didn't

25    matter if you did something in County Court, you still had to

US v. Burfeindt, et al. – 10-CR-320

1  appear.  That was an error on what I –– on my understanding,

2  but I found out about that after the fact, not before the

3  fact, so that is truthful.  That is exactly what happened.

4          THE COURT:  All right.  The dispute here is not

5  over whether there would be conditions set.  There's no

6  dispute that conditions would be set.  The dispute here is

7  over the conditions to be set which would include the

8  financial condition.

9          The recommendation of the government and Pretrial

10  Services is that Mr. Burfeindt be released on a $25,000 bond

11  secured by cash or property.  Mr. Burfeindt represents that

12  he has no access to $25,000 which could be filed, which would

13  require for him to remain in custody in the absence of the

14  posting of that amount.

15          In resolving this dispute, the record that appears

16  before me is that Mr. Burfeindt is charged with felonies here

17  in federal court and a prior proceeding in state court.

18  There are multiple, not single, but multiple warrants that

19  have been issued for his failure to appear there.

20          While I have no basis for questioning Mr.

21  Burfeindt's sincerity in representing that he would –– his

22  word is his bond.  The record before me is that he has failed

23  to appear on multiple occasions in state court which gives

24  the Court concern for his willingness to appear as directed

25  in federal court.

US v. Burfeindt, et al. - 10-CR-320

1          Further, Mr. Burfeindt's residence is uncertain, at

2     best.  It appears to have been changing regularly in the

3     past, in the recent past.  There is no stable employment that

4     has been demonstrated to the Court, no significant family

5     ties to this area, nothing which would, as in other cases,

6     give reasonable cause to believe that Mr. Burfeindt feels any

7     particular allegiance to the area that would cause him or

8     motivate him to remain rather than flee.  So there are

9     significant reasons why there is reasonable cause to believe

10    that Mr. Burfeindt poses a risk of flight if he's released.

11          Against that, essentially we have Mr. Burfeindt's

12    representation that he would appear if released in this case.

13    Given this record and these circumstances, even though I want

14    to believe Mr. Burfeindt, I have to be guided, as a judge, by

15    the facts presented me; and the facts presented here

16    represent a significant concern in which Mr. Burfeindt would

17    not appear, unless there's some financial condition imposed

18    for his release.

19          I am going to accept the recommendation of the

20    Pretrial Services Office that Mr. Burfeindt be released on a

21    condition which includes $25,000 in cash or property.  I

22    understand Mr. Burfeindt may not have that in his personal

23    possession but Mr. Burfeindt does have access to family and

24    friends who may be willing to do that.  I advised Mr.

25    Burfeindt that if any of them lack sufficient resources to

US v. Burfeindt, et al. - 10-CR-320

1   post that amount but are financially responsible and willing

2   to cosign a bond, then I would consider that in the

3   alternative.  But until they come forward and represent that,

4   the condition will remain $25,000 in cash or property.

5         What that means, Mr. Burfeindt, is that if you find

6   two individuals who are financially responsible; that is,

7   have jobs, own homes, have assets, who are willing to cosign

8   a bond on your behalf -- that means that they promise to pay

9   that amount if you fail to appear -- then I would consider

10  that as an alternative to actually posting $25,000.  That

11  would represent their promise to pay that amount if you

12  failed to appear but they wouldn't have to post it.  They do

13  have to, however, be financially responsible and be willing

14  to cosign the bond.

15        I'm going to tell you now the remainder of the

16  conditions of your release for your release.  Mr. Burfeindt,

17  please listen because when I finish, I'll ask you if you have

18  any questions about them and if you understand them.  I'll

19  then ask you to review them in writing and to sign certain

20  documents here.

21        These are the conditions.  The first is the

22  financial condition about which I just advised you.  The

23  remaining conditions are as follows.  You shall not commit

24  any offense in violation of federal, state, or local law.

25        You shall provide the address and telephone number

US v. Burfeindt, et al. - 10-CR-320

1    where you'll be living.  If the telephone number changes, you

2    must immediately notify the Pretrial Services Office, the

3    Court, and the government's counsel, and, if you have an

4    attorney at that time, your attorney of the change in your

5    telephone number.  If you wish to move from the address you

6    provide; that is, to change the address, you must first

7    obtain the permission of the Pretrial Services office before

8    you move.

9           You shall appear at all court proceedings as you're

10   directed to do so by any judge and at the dates, times and

11   places of those proceedings you're told to appear by your

12   attorney.

13          If it has not already been done, you shall provide

14   a DNA sample to law enforcement officers at their request.

15   You shall report to the Pretrial Services Office on a regular

16   basis at the dates, times and places that that office directs

17   you to do so.

18          You shall remain within the State of New York where

19   the charges in this case are pending.  And you shall maintain

20   or actively seek employment.

21          You shall surrender any passport in your possession

22   to the Clerk of Court and you shall not apply for any travel

23   documents while the charges are pending.

24          You shall refrain from possessing a firearm,

25   destructive device or other dangerous weapon.  You shall

US v. Burfeindt, et al. - 10-CR-320

1   refrain from the excessive use of alcohol.  You shall refrain

2   from any use or possession whatsoever of a narcotic drug or

3   other controlled substance.

4           You shall not file any liens or judgments against

5   any individuals or entities without the prior permission of

6   the Court.  You shall provide financial information to the

7   Pretrial Services Office as requested by that office.  You

8   shall not incur any additional lines of credit or incur any

9   additional debt without the prior permission of the Pretrial

10  Services Office.

11          Are there any other conditions which the government

12  wishes to be considered, Mr. Belliss?

13          MR. BELLISS:  No, your Honor.

14          THE COURT:  Mr. Burfeindt, do you have any

15  questions about those conditions?

16          THE DEFENDANT:  The only question I have being of

17  the financial situation I'm in and trying to -- is it -- is

18  it possible to lower the amount because I don't know if it's

19  possible for me to, you know, get $25,000?  Just my parents,

20  my mom works.  My dad is semi-retired.  He's got health

21  issues.

22          THE COURT:  Well, if you find in your exploration

23  of resources that you can come up with a portion or

24  significant portion of that but not quite 25,000, I'll

25  reconsider whatever you want to ask me.  So, yes, you can

US v. Burfeindt, et al. - 10-CR-320

1  ask.  I don't know if that answers your question.

2        THE DEFENDANT:  Well, it's -- yeah, it sort of

3  answers, if it was, you know, I don't know.  I haven't really

4  asked -- I think Ms. Fahey said she spoke to I don't know if

5  it was my father who she spoke to.

6        THE COURT:  Your father.

7        THE DEFENDANT:  Okay.

8        THE COURT:  But you have to explore that yourself.

9  If you walk in and say I've got, you know, $22,000, that

10  might be a basis for reconsideration.  If you walk in and say

11  I've got, you know, $50, that's probably not going to do it.

12        THE DEFENDANT:  No, no.  I understand.

13        THE COURT:  All right.  Do you have any other

14  questions?

15        THE DEFENDANT:  Well, you pretty much covered

16  everything, I believe.  And I understand you don't know --

17  you don't know me, but I, you know, what I was planning on

18  doing is being in one spot with -- in my family's home.  So I

19  wouldn't be -- it wouldn't be some, you know, not knowing

20  where I am.  I would be with my family.  Like I said, my

21  parents do have health issues.  I would like to be there with

22  them anyway supporting them in some way, if I possibly could.

23  And I will show up, you know, if I -- if I say I'm going to

24  be here, I will be here and I will be at my family's home.  I

25  will not be floating around.

US v. Burfeindt, et al. - 10-CR-320

1      THE COURT:  No, I understand what you're saying,

2  but you have to understand, Mr. Burfeindt, it is a frequent

3  occurrence that individuals who are arrested come into court

4  and state with the best of intentions that they will comply

5  with all of their conditions, stay where they're supposed to

6  stay and appear when they're supposed to appear and I can't

7  assess those representations other than to look at conduct in

8  the past and that's what I do here, I look at the facts and

9  the conduct in the past and that gives me concern.

10      Any other questions?

11      THE DEFENDANT:  No.  No, if, if you wanted, anyone

12  that knows me, if you ask them if I'm an honest person, if I

13  say what I'm going to do, they would verify that, any of my

14  friends, my family, if you ask them that.

15      THE COURT:  My suggestion is you go to your family

16  and see if they will support those contentions with financial

17  backing or a willingness to cosign the bond.

18      Anything else?

19      THE DEFENDANT:  How do -- do I have an opportunity

20  to try to contact someone?

21      THE COURT:  A number is provided at the jail

22  wherever you're being incarcerated.  And you'll be back in

23  court here on Friday at 1:30.  People are able to visit you

24  at the jail whenever the regular visiting hours are.

25      Anything else?  Do you believe you understand those

US v. Burfeindt, et al. – 10-CR-320

1    conditions?

2          THE DEFENDANT:  Yeah, I, I tried to jot a few of

3    them down, but --

4          THE COURT:  You'll get a copy in writing

5    momentarily.  There are certain consequences which may also

6    occur to you if you violate any of these conditions.  First,

7    the $25,000 bond can be forfeited to the government.  Your

8    failure to appear would constitute a separate crime for which

9    you could be imprisoned.

10         If you violate any of these conditions, a warrant

11   may be issued for your arrest.  You may be placed in jail

12   until trial and you may be prosecuted separately for contempt

13   of Court.  If you commit any crime when you are released, you

14   may subject yourself to a more severe punishment in this case

15   than you would otherwise receive if you are found guilty in

16   this case.

17         And it is a separate crime for anyone to try to

18   influence a juror, to threaten or attempt to bribe anyone who

19   may have information about this case, to retaliate against

20   anyone for providing information about this case or to

21   obstruct the administration of justice in any way.

22         Do you have any questions about this possible

23   consequences?

24         THE DEFENDANT:  No.

25         THE COURT:  Do you believe you understand them?

US v. Burfeindt, et al. – 10-CR-320

1          THE DEFENDANT:  I believe, yeah, I believe so.

2          THE COURT:  All right.  I'll ask the clerk to

3   present them to you in writing.  Please review them.  If you

4   have any questions before you sign them, please ask me and

5   then sign them where indicated.

6          (Off-the-record discussion held.)

7          THE COURT:  Anything else, Mr. Belliss?

8          MR. BELLISS:  No, Judge.

9          THE COURT:  All right.  Thank you.

10          Mr. Burfeindt, you're remanded to the custody of

11   the United States Marshal pending a hearing on Friday at

12   1:30.  Thank you.

13          THE CLERK:  Off the record.

14          (Proceedings adjourned.)

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N


I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.


_____

DIANE S. MARTENS, FCRR